IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Demetrius Swinton, | ) | Case No. 9:17-cr-945-RMG |
|           Petitioner, | ) | |
| v. | ) | **ORDER** |
| United States of America, | ) | |
|           Respondent. | ) | |

This matter comes before the Court on Petitioner's second motion for post-conviction relief, this time asserted under Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner contends that prosecutors improperly threatened a key witness in his evidentiary hearing conducted pursuant to his habeas petition under 28 U.S.C. § 2255 and that he was denied the opportunity to appeal from the Court's § 2255 order because his attorney provided him a copy of the Court's order only days before his time to appeal expired. (Dkt. No. 990). The Government filed a response in opposition to the Rule 60(b) motion, arguing that there is no credible evidence of Government misconduct regarding Petitioner's witness and Petitioner had no right to file an appeal from the Court's § 2255 order because he was denied a Certificate of Appealability. (Dkt. No. 999). For reasons set forth below, the Court denies Petitioner's motion for Rule 60(b) relief.

**Factual Background**

Petitioner pled guilty on February 6, 2019 to Conspiracy to Possess with the Intent to Distribute and Distribution of Cocaine pursuant to a plea agreement. (Dkt. No. 671). The plea agreement provided a proposed sentencing cap of 264 months (22 years) under Federal Rule of Criminal Procedure 11(c)(1)(C). (Dkt. No. 669 at 13). Petitioner's guideline range was calculated by the United States Probation Office in his Presentence Report to be 360 months to Life. (Dkt.

1

No. 807-1). After conducting a sentencing hearing on June 27, 2019, the Court accepted the proposed 11(c)(1)(C) plea agreement and sentenced the Petitioner to 264 months of incarceration followed by five years of supervised release. (Dkt. No. 833). Petitioner filed no appeal from the Court's sentence.

Petitioner thereafter filed a § 2255 petition claiming ineffective assistance of counsel based on an alleged conflict of interest by his defense counsel because their fees were paid by Petitioner's drug supplier, Tommie Walker, and defense counsel were allegedly loyal to Walker rather than to Petitioner. Petitioner offered an affidavit from a girlfriend, Quantia Hollis, indicating that lead defense counsel, Brian Steel, and Walker were in conversations with each other concerning Petitioner's representation. This affidavit conflicted with prior statements by defense counsel that they were unaware of Walker or his role in paying their fees until this was revealed by the Government in a pretrial conference.

The Court conducted an evidentiary hearing regarding the § 2255 petition on April 25, 2022. Ms. Hollis was called as a witness by Petitioner. Hollis, acting with advice of court appointed counsel, asserted her Fifth Amendment right against self-incrimination and refused to answer any questions presented by Petitioner's counsel. Petitioner testified as well, acknowledging that he had not shared with defense counsel any information about Walker and did not inform them that Walker had paid his legal fees. Steel testified he only learned about Walker and his role in paying the legal fees from the Government in a pretrial conference. Steel's testimony was corroborated by Walker, who testified he never had any discussions with Steel or any other defense counsel of Petitioner. The Court found the testimony of Steel and Walker credible. (Dkt. No. 956 at 6-7).

In advance of the evidentiary hearing, Petitioner presented two affidavits from Hollis. The first affidavit, unsigned, described an August 24, 2018 conversation between Hollis and Steel in which Steel demanded that Hollis explain the source of the cash payments she was delivering to him on behalf of Petitioner. This affidavit tended to corroborate the testimony of Steel that he was not made aware that a third party was paying Petitioner's legal fees until he was told by the Government in August 2023. (Dkt. No. 946-1 at 8). A second affidavit, this one signed by Hollis, made no mention of the August 2018 discussion but instead referenced a July 22, 2018 conversation with Walker in which Walker allegedly stated to Hollis that Steel wished to speak to him and they would be talking later that day. (*Id*. at 4).

Recognizing that Hollis was potentially exposing herself to legal jeopardy by testifying at the evidentiary hearing, the Court appointed counsel for her. After consulting with counsel, Hollis asserted her Fifth Amendment right against self-incrimination. There was no claim at that time from Hollis or her court appointed counsel that she had been threatened or intimidated by Government prosecutors. In light of Hollis' assertion of her Fifth Amendment rights, the Court declined to consider the draft or executed affidavits.

The Court issued its order regarding Petitioner's § 2255 petition on April 27, 2022, finding that Steel and Walker never communicated with each other, and that defense counsel had no conflict of interest. (Dkt. No. 956 at 6-7). The Court also addressed Petitioner's claim that his defense counsel had been ineffective by failing to advise him of the strength of the Government's case, which allegedly prevented him from entering into a cooperation agreement with the Government and earning a potentially lower sentence. Defense counsel offered contemporaneous evidence that Petitioner adamantly asserted his innocence to defense counsel until immediately before the trial was about to commence and told his attorneys he would not go to the Bureau of

Prisons as a "snitch." The Court found the testimony of defense counsel to be credible and the testimony of Petitioner not credible. (*Id*. at 7).

In short, the Court found Petitioner's claims of ineffective assistance of counsel and conflict of interest meritless. Indeed, there was no probative evidence supporting Petitioner's contention that his defense lawyers were in league with Walker and set Petitioner up to take the fall. Further, the Court found that the record evidence "overwhelmingly establishes" that defense counsel urged Petitioner to cooperate with the Government and he refused to acknowledge to his attorneys his participation in drug trafficking until immediately before his trial was set to commence. (*Id*.).

The Court concluded its order denying the § 2255 petition by denying Petitioner a Certificate of Appealability, finding that no "reasonable jurist would find it debatable that Petitioner failed to meet his burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness and that his sentence would have been different but for any such insufficient performance." (*Id*. at 8). Without the issuance of a Certificate of Appealability, Petitioner had no right to file an appeal from the Court's order denying him § 2255 relief. 28 U.S.C. § 2253(c)(1)(B).[1]

Petitioner's § 2255 counsel delivered to him a copy of the Court's order denying him relief under § 2255 and a Certificate of Appealability on June 20, 2022, within days of the expiration of the 60-day period to file a notice of appeal in a § 2255 action. His attorney explained that he initially intended to wait until Petitioner returned to the Bureau of Prisons to send him the order because the Marshals often do not allow prisoners to take their paperwork when they transfer.

---

[1] Without the issuance of a Certificate of Appealability by a district court, a habeas petitioner may file an appeal only upon the issuance of a Certificate of Appealability by the circuit court. No court has issued Petitioner a Certificate of Appealability in this matter.

4

However, since there was a delay in returning Petitioner to the Bureau of Prisons his § 2255 counsel finally sent the order to him at the Charleston detention center. (Dkt. No. 990 at 9).

Petitioner filed an appeal from the Court's order denying § 2255 relief to the Fourth Circuit Court of Appeals on January 31, 2023, more than seven months after he received a copy of the Court's order. The Fourth Circuit dismissed the appeal as untimely filed. *United States v. Swinton*, No. 23-6101, 2023 WL 3074203, at *1 (4th Cir. 2023).

Petitioner filed on October 4, 2023 a Rule 60(b) motion, arguing that alleged misconduct by the Government in purportedly threatening Hollis entitled him to relief under Rule 60(b)(3) and the delayed delivery by his attorney of the Court's order, which allegedly denied his right to appeal, entitled him to relief under Rule 60(b)(6). (Dkt. No. 990). The Government filed a response to the motion in opposition. (Dkt. No. 999). The matter is now ripe for disposition.

**Legal Standards**

A.   Rule 60(b) Motions

Rule 60(b) provides six grounds for relief including, in relevant part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Rule 60(c)(1).

"Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the six itemized grounds of relief enumerated above." *Coomer v. Coomer*, 217 F.3d 383 (Table), 2000 WL 1005211, at *4 (4th Cir.

5

July 20, 2000) (per curiam). "The four threshold showings are: (1) *timeliness* (i.e., the request for relief must be filed no later than one year after the date of the order from which the movant seeks relief); (2) *a meritorious defense* (i.e., the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims); (3) *a lack of unfair prejudice to the opposing party*; and (4) *exceptional circumstances*." *Id*. (citing *Dowell v. State Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (italics in original)). "In the unlikely event that the moving party can clear this onerous four-part threshold, he must then satisfy one of the six enumerated factors set forth in Rule 60(b)." *Id*.; *see also Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

Relief under Rule 60(b) is "extraordinary" and should be used "only in exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). "Motions under Rule 60(b) are vested in the sound discretion of the trial court." *Coomer*, 2000 WL 1005211, at *4. Denial of a Rule 60(b) motion is reviewed for abuse of discretion. *See, e.g.*, *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984); *Nat'l Credit Union Admin. Bd.*, 1 F.3d at 265.

B.      Equitable Tolling

An otherwise time-barred claim is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 198 (4th Cir. 2014). Equitable tolling is available only where the petitioner demonstrates "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing [both] elements." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

6

    C.    *Pro Se* Litigant

This Court is required to construe *pro se* submissions liberally and pro se submissions are held to less stringent standards that those prepared by attorneys. A court may not, however, construct legal arguments for pro se litigants and is not required to recognize claims which lack legal merit. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

A threshold requirement for the assertion of a Rule 60(b) motion is a showing that the party has a meritorious claim. Petitioner is unable to meet this mandatory initial requirement for Rule 60(b) relief. Petitioner's claim that the Government acted improperly in allegedly threatening Ms. Hollis is without any evidentiary support. In advance of the evidentiary hearing on Petitioner's § 2255 claim, Petitioner submitted two affidavits purportedly authored by Hollis. The first affidavit, which was unsigned, inferred that defense counsel was unaware of the source of the funds delivered to him by Hollis. This supported Steel's testimony that he was unaware that a third party, Walker, was paying the attorney fees until the Government disclosed this to him at a pretrial hearing. The second affidavit omitted the conversation between Steel and Hollis and included an alleged earlier conversation between Hollis and Walker, in which Walker indicated he had plans that day to communicate with Steel.

The inconsistency in the two affidavits and Hollis' reported romantic relationship with Petitioner raised a concern with the Court that Hollis might be putting herself in legal jeopardy by testifying under oath in a manner which might be perjurious. The Court appointed counsel for Hollis so that she might have the benefit of legal advice before she took the witness stand. After consulting with legal counsel, Hollis asserted her Fifth Amendment right against self-incrimination and refused to testify. There was no evidence then or now that Hollis was threatened by the

Government. Based on the record before the Court, Petitioner has failed to make a showing that there is any merit to the claim that the Government threatened Hollis or otherwise acted improperly.

Petitioner has also failed to assert a meritorious claim that he was denied his right to appeal because of the delay in his attorney delivering him a copy of the Court's order denying him relief on his § 2255 claim. That same order declined to issue a Certificate of Appealability that was necessary for Petitioner to file an appeal. The Fourth Circuit has also not issued Petitioner a Certificate of Appealability. While a timelier delivery of the Court's order to Petitioner by his § 2255 counsel would certainly have been desirable, there is no evidence that Petitioner suffered any prejudice since he did not have a right to appeal.

Petitioner's Rule 60(b)(6) claim that he was denied effective assistance of counsel is similarly without any legal merit. After conducting an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel, the Court denied the petition on the merits and declined to issue a Certificate of Appealability, finding that "no reasonable jurist would find" the Court's decision "debatable." The Court continues to find Petitioner's claim of ineffective assistance of counsel without legal merit.

Petitioner further makes a passing reference to equitable tolling, which would be applicable only to his Rule 60(b)(3) claim.[2] Under Rule 60(b)(3), Petitioner was required to assert that claim within one year of the order under challenge. The § 2255 order was issued on April 27, 2022 and defense counsel sent Petitioner a copy of the order on June 20, 2022. Petitioner asserted his Rule 60(b) motion on October 4, 2023, more than 18 months after the order was issued and more than 15 months after his lawyer mailed him the order. A critical element of an equitable tolling claim

---

[2] A Rule 60(b)(6) claim does not have a one year statute of limitations.

8

is that a party must be diligently pursuing his rights. Even if the Court equitably tolled the one year statutory period until Petitioner received a copy of the order, his Rule 60(b)(3) motion would still have been untimely.[3]

In sum, Petitioner's Rule 60(b) motion plainly fails to satisfy the threshold requirement of asserting a meritorious claim. Consequently, Petitioner's Rule 60(b) motion (Dkt. No. 990) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 15, 2023
Charleston, South Carolina

---

[3] Under the same analysis, Petitioner's Fourth Circuit appeal was untimely even if the Court tolled the 60 day appeal period until Petitioner's § 2255 counsel sent Petitioner a copy of the Court's order on June 20, 2022. Petitioner did not file an appeal until January 31, 2023, more than seven months later.